Memorandum: On May 21, 1930, respondent was convicted of attempt to escape from State prison in violation of section 1695 of the Penal Law and was thereupon sentenced to a term of twelve years in State prison. Unless respondent was sentenced (1) as a prior felony offender under section 1941 of the Penal Law or (2) additional punishment was imposed for being armed in violation of section 1944 of the Penal Law, the sentence imposed was excessive. In view of the state of the record as to the factual situation at the time sentence was imposed, we feel that the order of the Special Term setting aside the sentence of May 21, 1930, of twelve years, was proper, but that the court erred in resentencing respondent to a term of three and one-half years and suspending execution thereof without first conducting a hearing and taking evidence as required by section 2188 of the Penal Law. The order vacating the sentence of May 21, 1930, is affirmed. The judgment of September 22, 1947, resentencing respondent to a term of three and one-half years and suspending the execution thereof is reversed and the sentence vacated. The proceeding is remitted to the Special Term to conduct a hearing and take evidence in accordance with section 2188 of the Penal Law, in effect in 1930, on the questions whether respondent was armed at the time of the commission of the felony of attempted prison escape and if so, to impose increased punishment as required by section 1944 of the Penal Law, in effect in 1930; whether an information as required by section 1943 of the Penal Law, in effect in 1930, was filed following respondent’s conviction of attempted prison escape charging him with being a second felony offender; and if so, to arraign respondent thereon and advise him of his right to be tried as to the truth of the allegations contained therein before imposition of sentence and to thereafter dispose of the proceeding in accordance with the evidence developed upon the hearing. All concur. (The order vacates a judgment of conviction and directs *893 that defendant be resentenced; the judgment resentences defendant and suspends execution of the sentence during good behaviour.) Present — Taylor, P. J., Love, Vaughan, Kimball and Piper, JJ. [See post, pp. 997, 1019.]